UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BUXBAUM, | |
| Plaintiff, | ORDER TO AMEND |
| -against- | No. 25-CV-00532 (PMH) |
| ALDEN SMITH, | |
| Defendant. | |

PHILIP M. HALPERN, United States District Judge:

Michael Buxbaum ("Plaintiff") brings this *pro se* action invoking the Court's diversity subject-matter jurisdiction. He sues Alden Smith ("Defendant"), alleging a claim of legal malpractice in connection with Plaintiff's sale of his condominiums, and seeking $1,813,000 in damages. (Doc. 1 at 3-5).[1] Plaintiff has paid the filing fees to bring this action.[2]

Plaintiff, in his complaint in this matter, does not describe Defendant's role or specify the relationship between them, describe the events such as what Defendant did or failed to do, or provide any dates, locations, or other information concerning how Defendant is alleged to have injured Plaintiff. For these reasons and as set forth below in greater detail, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order. A summons shall not issue at this time.

## DISCUSSION

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a federal civil action, if it determines that the action is frivolous, *see Fitzgerald v.*

---

[1] Citations to the Complaint correspond to the pagination generated by ECF.

[2] Plaintiff has filed 78 prior actions in this Court, many of which were commenced in January and February of this year, the vast majority having been dismissed for failure to submit the filing fee or an application to proceed *in forma pauperis*.

*First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), fails to state a claim, *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

The complaint in this matter is so ambiguous, vague, and bareboned that the true substance of the allegations is disguised. The complaint lacks detail as to Defendant's identity, the specific date(s) on which the actions complained of occurred, and any correlation between Defendant, his

acts and the claims alleged. Plaintiff pleads only in the form complaint that "Alden Smith, Defendant employs no legal standards for Homeowners Associations" and requests the Court "Order Defendant Alden Smith to pay $1,813,000 for legally interfering with the selling of my condominiums." (Doc. 1 at 5). Plaintiff alleges that diversity jurisdiction exists because he is a citizen of Florida and Defendant is a citizen of New York, and the amount in controversy is "$1,813,000 Legal Malpractice." (*Id*. at 3-4).

Federal courts sitting in diversity "follow the choice-of-law rules of the forum state to determine the controlling substantive law." *Wolfson v. Bruno*, 844 F. Supp. 2d 348, 355 (S.D.N.Y. 2011) (internal citations omitted). "New York courts have adopted a flexible choice of law approach and 'seek to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute.'" *Id*. (quoting *White Plains Coat & Apron Co. v. Cintas Corp.*, 460 F.3d 281, 284 (2d Cir. 2006)).

This case, a diversity action based on attorney malpractice, requires this Court to apply state substantive law. It is not immediately clear whether New York or Florida law applies to the dispute because there is insufficient information in the pleading. Under Florida law, "in a claim for legal malpractice, a plaintiff must plead and prove the following elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of the client's loss." *Steele v. Kehoe*, 747 So. 2d 931, 933 (Fla. 1999). "To prevail on a claim for legal malpractice under New York law, a plaintiff must establish: "(1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." *Nordwind v. Rowland*, 584 F.3d 420, 429 (2d Cir. 2009). Accordingly, Plaintiff must plead the foregoing elements to satisfy Rule 8 pleading standards under the law of either state.

Because it is unclear if the defects in the Complaint can be cured with an amendment, the Court grants Plaintiff leave to amend his complaint to allege facts sufficient to state a claim of legal malpractice.

## **LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to provide more facts about his claim. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting the claim against Defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured Plaintiff; how, when, and where such injuries occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**<u>CONCLUSION</u>**

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 7:25-CV-00532 (PMH). An amended complaint form is attached to this order.

No summons shall issue at this time. If Plaintiff fails to comply with this Order and within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 44445 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and note service on the docket.

Dated:  White Plains, New York
        February 11, 2025

                                        SO ORDERED:

                                        _____
                                        Philip M. Halpern
                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   **If you checked Diversity of Citizenship**

####    1.   **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                Zip Code

_____

Telephone Number                          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State             Zip Code

Defendant 2: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State             Zip Code

Defendant 3: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State             Zip Code

Defendant 4: _____

             First Name                Last Name

             _____

             Current Job Title (or other identifying information)

             _____

             Current Work Address (or other address where defendant may be served)

             _____

             County, City                State             Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

### Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number               E-mail Address

_____
Date                           Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007