UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

                       Plaintiff,

       -against-

ALDEN SMITH,

                       Defendant.

**OPINION AND ORDER**

No. 25-CV-00532 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael Buxbaum ("Plaintiff") commenced this action *pro se* against Alden Smith ("Defendant") on January 17, 2025. (Doc. 1). On February 11, 2025, after this matter was reassigned to this Court, the Court issued an Order to Amend, outlining the various deficiencies in Plaintiff's complaint, and granting Plaintiff leave to file an amended complaint that complies with the standards set forth in the Court's order within 30 days of that order. (Doc. 4). On March 20, 2025, Plaintiff filed an amended complaint. (Doc. 13). The Court issued an order of service on March 31, 2025 (Doc. 16), and Defendant was served on or about April 7, 2025 (Doc. 19). On April 28, 2025, Plaintiff, without leave of the Court, filed a second amended complaint. (Doc. 26).

Defendant filed a motion to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6) on July 9, 2025.[1] (Doc. 30; Doc. 31).

---

[1] Defendant also moved under Rule 12(b)(1), but that branch of his motion concerns only the defects in Plaintiff's first amended complaint. Defendant, in addition to his arguments addressed to the second amended complaint, posits arguments for why the first amended complaint should be dismissed including lack of standing. The Court accepted Plaintiff's filing of the second amended complaint and because an amended pleading supersedes any prior pleading and renders it of no legal effect, this decision concerns only that operative pleading. *Ping Tou Bian v. Taylor*, 23 Fed. App'x 75, 77 (2d Cir. 2001) ("It is well-established that 'an amended complaint ordinarily supersedes the original and renders it of no legal effect.'" (citation omitted)). Accordingly, the Court need not and does not address that branch of the motion to dismiss made under Rule 12(b)(1) or any other arguments in connection with dismissal of the now-superseded amended complaint.

Plaintiff did not file opposition to the motion to dismiss.[2]

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

"Plaintiff is a serial litigant who has filed more than one hundred actions in this district since mid-December 2024." *Buxbaum v. Zillow Grp. Inc.*, No. 25-CV-02766, 2025 WL 1549017, at *1 (S.D.N.Y. May 30, 2025) (collecting cases).

Plaintiff, in this action, alleges that Defendant "is communicating fraudulent communications and making False Claims for money to the United States Federal Government" by causing the Rockland County Sheriff to interfere with Plaintiff's sale of properties in the Town of Clarkstown; communicating "wrongfully and intentionally" with the Clarkstown Police Department, Justice Court, and Supreme Court with "biased New York State Supreme Court decisions and with judgments against Plaintiff Michael Buxbaum's real estate properties and real estate business"; has caused the Town Attorney to issue *ex parte* liens; has not represented "Omni Court Homeowners Association with professional standards" nor the Braemar Condominium

---

[2] Defendant, in accordance with the Court's Individual Practices, filed a pre-motion letter on May 28, 2025, indicating its intention to move to dismiss Plaintiff's claims. (Doc. 28). Plaintiff did not respond to the pre-motion letter and, on June 9, 2025, the Court granted Defendant's request for leave to file a motion to dismiss, waived any pre-motion conference requirement, and set a briefing schedule for the motion, with Plaintiff's opposition due on August 8, 2025. (Doc. 29). On July 9, 2025, Defendant filed the notice of motion, memorandum in support, and certificate of service, indicating the motion papers were sent to Plaintiff via ECF, e-mail, and mail. (*See* Doc. 30; Doc. 31). Plaintiff did not file opposition papers. While the Court's June 9, 2025 order was mailed to Plaintiff (*see* June 10, 2025 Entry), it was returned on August 11, 2025, with the notation, "Return to Sender – Not deliverable as addressed – Unable to forward" (Aug. 11, 2025 Entry). Accordingly, and given Plaintiff's *pro se* status, on August 29, 2025, the Court *sua sponte* extended Plaintiff's time to oppose the motion to September 29, 2025, warned Plaintiff no further extensions would be granted, directed Plaintiff to advise the Court in writing of his correct mailing address, and cautioned that if Plaintiff failed to comply with the Order by September 29, 2025, the action may be dismissed. (Doc. 32). On September 2, 2025, a mailing receipt was entered indicating that the Court's August 29, 2025 Order was mailed to Plaintiff at the address stated on the docket. (Sept. 2, 2025 Entry). There is no indication that Plaintiff failed to receive the Court's August 29, 2025 Order. As is clear from the docket, and despite the prior returned mailing, Plaintiff had ample notice of Defendant's motion to dismiss based on the multiple previously successful mailings in this action, and failed to file any opposition thereto. Accordingly, the Court deems the motion fully submitted and *sub judice*.

Homeowners Association with professional and experienced business attorney advice"; and is acting as "law enforcement." (Doc. 26 at 5).[3] Plaintiff contends that the foregoing states a claim for relief under "False Claims Act Title 31 Subtitle III Chapter 37 Subchapter III § 3729." (*Id.* at 3). He seeks, *inter alia*, damages in the amount of $300,000 for making False Claims to the United States Federal Government, treble damages, and injunctive relief including the suspension of Defendant's law license. (*Id.* at 6).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations

---

[3] Citations to specific pages of the Complaint and other filings on the docket correspond to the pagination generated by ECF.

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the

strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the claims challenged in this motion even without the benefit of formal opposition to the motion.

"[T]he principle that *pro se* complaints must be liberally construed and all possible inferences must be drawn in favor of a *pro se* plaintiff . . . . does not mandate that a Court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable." *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991). "'[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [the Federal Rules of Civil Procedure] and must be dismissed." *Id.* (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)).

## ANALYSIS

"Viewed in its best light [the second amended complaint] contains little more than a prolix collection of demands for relief" and accusations suggesting that Defendant has had some role in Plaintiff's inability to sell real estate properties. *Barsella*, 135 F.R.D. at 66. The second amended complaint is so ambiguous, vague, and bareboned that the true substance of the allegations is

disguised. It lacks detail as to Defendant's identity, the specific date(s) on which the actions complained of occurred, and any correlation between Defendant, his acts, and the claims alleged. (*See* Doc. 26). The pleading is rambling and confusing, and provides the Court with no adequate basis to discern the nature of Plaintiff's claims. It is clear that the second amended complaint, like the original and first amended complaints, "violates the basic tenet of the Federal Rules of Civil Procedure, *i.e.*, that a defendant must be given adequate notice of his alleged wrongdoing which would enable him to frame a defense." *Barsella*, 135 F.R.D. at 66.

The False Claims Act, under which this action is purportedly brought, "protect[s] the funds and property of the Government from fraudulent claims." *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968). It is a remedial statute embracing fraudulent attempts to cause the Government to pay out sums of money. *Id.* "The Court need not dwell long on the [False Claims Act claim], as it is well established that a *pro se* party may not bring claims under the FCA." *Idrobo v. Microsoft*, No. 23-CV-9999, 2025 WL 3641428, at *3 (S.D.N.Y. Dec. 16, 2025) (citing *Buxbaum v. Walt Disney Co.*, No. 25-CV-02339, 2025 WL 2677050, at *3 (S.D.N.Y. Aug. 26, 2025)).

Accordingly, Defendant's motion to dismiss is granted and the claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. While "[d]istrict courts should frequently provide leave to amend before dismissing a pro se complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). For the reasons described herein, Plaintiff's sole federal claim is dismissed with prejudice as any amendment would be futile. It would be especially inappropriate to grant Plaintiff further leave to amend, as the Court reviewed the first complaint and advised Plaintiff of its deficiencies (Doc. 4), and

Plaintiff has failed to correct any of those deficiencies in either the amended or second amended complaints. "Nor does the Court have any basis to believe, given the history of this litigant and the manner in which [ ]he has proceeded thus far, that any further amended pleadings will cure these deficiencies in this case." *Barsella*, 135 F.R.D. at 67. Leave to amend has previously been given and the successive pleadings remain unintelligible. Accordingly, this action is dismissed with prejudice.

    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated:  White Plains, New York
         February 2, 2026

                                  SO ORDERED:

                                  _____
                                  Philip M. Halpern
                                  United States District Judge